IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CV-111-FL

| | |
|---|---|
| DR. JOSEPH ASKEW, J.D.; ASKEWS DAY CARE, INC.; and CITIZEN COMMITTEE, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| CITY OF KINSTON, a Municipal Corporation, and JASON BAKER, City Code Enforcement Officer, in his individual capacity, | )<br>)<br>)<br>)<br>) |
| Defendants.[1] | ) |

ORDER

This matter is before the court on motion by plaintiffs Dr. Joseph Askew and Askews Day Care, Inc. (collectively "the Askew plaintiffs") to proceed in forma pauperis under 28 U.S.C. § 1915. (DE 1). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a Memorandum and Recommendation ("M&R"), wherein it is recommended that only Dr. Joseph Askew ("Askew") be allowed to proceed in forma pauperis. (DE 4). The Askew plaintiffs objected to the M&R, and, joined by individuals comprising the membership of plaintiff Citizen Committee, moved for voluntary dismissal, which the court

---

[1] The caption of the complaint purports to name three plaintiffs including "Dr. Josoeph [sic] Askew, J.D., Askews Day Care, Inc., [and] ET AL (See Attached)[.]" (DE 1-1). The attachment referenced in the caption of the complaint lists the names and addresses of five individuals (DE 1-2), and, read in conjunction with paragraph three of the complaint, these individuals appear to constitute the membership of the entity "Citizens Committee," which entity the complaint refers to as a plaintiff. (See DE 1-1 ¶ 3). Therefore, the caption is here amended to reflect these observations. Where there now exists a discrepancy between the caption and the docket, the clerk is DIRECTED to amend the docket to reflect Citizens Committee's status as a plaintiff.

construes as a notice of voluntary dismissal made pursuant to Federal Rule of Civil Procedure 41(a). (DE 5). In this posture, the issues presented are ripe for ruling.

Under Rule 41(a), "the plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). In the instant matter, defendants have neither answered the complaint nor moved for summary judgment; therefore, plaintiffs' notice of voluntary dismissal, (DE 5), is effective, and the case is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of October, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge